RAMÓN PÉREZ CORTÉS, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, F. NAVARRO ORTIZ, JUDGE, Respondent.

No. 1237.    Argued April 14, 1941.—Decided April 22, 1941.

*José Martín Betancourt,* for petitioner; *Carlos García Méndez* for the intervener, plaintiff in the main action.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Emiliano Ortiz Berríos filed an unlawful detainer action against Ramón Pérez Cortés, in the Municipal Court of San Germán, praying the ouster of the latter and that he be sentenced to pay $22 as rents due and not paid. After judgment had been rendered for plaintiff, defendant appealed to the District Court of Mayagüez and on January 15, 1941, he requested the inclusion of his case in the next general docket for adverse proceedings. . On the 20th of the same month plaintiff requested that the case be set for hearing on its merits on January 24, 1941, alleging that a summary proceeding was involved and that consequently the hearing should be heard on the special calendar of each Friday. The lower court upheld plaintiff's contention and set the case to be heard on its merits on Friday, February 14, 1941.

On the day of the trial and before the commencement of the same, defendant requested that the setting of the case be vacated, alleging that the court lacked authority to join, in unlawful detainer actions, the two hearings provided by statute, to be held on the same day. The defendant's motion

was denied and the court ordered the presentment of the evidence. Plaintiff offered his. Defendant refused to submit to trial and abstained from presenting his evidence, alleging that "he had been deprived of the opportunity of knowing the documentary evidence which is offered in the preliminary hearing provided for by the Unlawful Detainer Act." At the end of the hearing the court took the case under advisement.

On February 18, 1941, the defendant filed in this Court a petition for certiorari, wherein he prays for the revision and annullment of the proceedings had in the lower court.

The only question involved in this case is whether in the prosecution before the district court of an appeal taken in an unlawful detainer action, instituted in accordance with the summary proceeding before a municipal court, the defendant appellant has the right to have two hearings held in accordance with the provisions of Sections 4 and 6 of the Act of March 9, 1905 (Sections 623 and 625 of the Code of Civil Procedure, 1933 ed.), which read as follows:

"Section 623.—The action shall be commenced by filing a complaint prepared in accordance with that prescribed in the Code of Civil Procedure for an ordinary action, and, after the filing thereof, the plaintiff and defendant shall be ordered to appear for a hearing which must be held within ten days after the commencement of the action.

" *     *     *     *     *     *     *

"Section 625.—On the date set for the appearance the trial shall be held, during which the parties may make any statement tending to establish their rights, and may submit such proofs as they may deem proper, and, that which is considered pertinent having been admitted, the same shall be heard within a period which in no case shall exceed ten days. When the proof has all been received, the court or judge, as the case may be, shall render judgment as soon thereafter as may be possible, declaring that the action of unlawful detainer can or can not be maintained; *Provided*, That demurrers and all other objections on the part of the defendant shall be interposed at the time of filing the answer."

In the case of *Avalo* v. *Court*, 39 P.R.R. 764, the facts involved were substantially identical to those of the case at bar. In that case, as in the instant, there was involved an appeal taken in a summary unlawful detainer proceeding which had its origin in a municipal court. The district court set a day for the holding of the first hearing and the offering of the evidence. None of the parties appeared on the day set and the hearing was continued. The court, a few days afterwards, of its own initiative and without hearing the defendant, set a day for the joint holding of the first and second appearances. This Court annulled the order appealed from, stating:

'The petitioner is right in maintaining that the mandate of the statute should be followed. The court had no authority to combine the two appearances, save with the consent of or waiver by the defendant. It is evident that the defendant was forced to trial without knowing what was the proof of the plaintiff and hence the defendant had no opportunity to ponder over the written evidence and object to it, or with due preparation to cross-examine the witnesses of the plaintiff. None of these matters was cured by allowing the defendant to appear thereafter. All these possible privations are covered by the statement that the provisions for two appearance are mandatory.

"The order of August 6, 1928, will be annulled and the case sent back to the District Court of Humacao to reset the first and second appearances."

We are not convinced by the arguments adduced by the intervener. The hearing before the district court is a trial *de novo,* wherein the parties litigant have the right to present new evidence and they are in no way limited to the evidence which they offered in the municipal court. The defendant is entitled to know before submitting to trial the evidence of which the plaintiff will avail himself to prove his alleged cause of action. And as it is possible in the trial *de novo* in the district court to present evidence other than that which was presented in the municipal court, we hold that the appeal

must be prosecuted in the same manner as if the case had been originally filed in the district court, that is, holding the two hearings prescribed by the law which regulates the proceedings in unlawful detainer actions.

From the record before us it does not appear that the defendant had waived in any manner his right to the holding of both hearings.

The order of February 5, 1941, must be annulled and the case remanded to the District Court of Mayagüez for further proceedings not inconsistent with this opinion.